1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AHMED MOHAMED ELGHEMBRI,

Plaintiff,

v.

JANE DOE, DENTIST, et al.,

Defendants.

Case No. 24-cv-02771-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff Ahmed Mohamed Elghembri alleges that the refusal of unnamed dentists at San Quentin State Prison to give him a filling constituted deliberate indifference under the Eighth Amendment. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint will be dismissed with leave to amend because Elghembri fails to state any claim for relief. Elghembri thought he should have his tooth filled; the dentists' opinion was that the tooth had to be pulled rather than filled, a procedure they offered to perform, but Elghembri refused the offer. At most this amounts to a difference of medical opinion as to the need to pursue one course of treatment over another, which is insufficient as a matter of law to establish deliberate indifference. The complaint is also deficient because Elghembri fails to name the dentists who allegedly refused him care.

Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **January 14, 2025**. Failure to file a proper amended complaint by January 14, 2025 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Elghembri alleges that the refusal of unnamed dentists (John and Jane Doe) in March 2023 to give his broken tooth a filling constituted deliberate indifference under the Eighth Amendment.  (Compl., Dkt. No. 1 at 6-7.)  The dentists insisted that the only treatment was extraction of the tooth, a procedure they offered to perform, but Elghembri refused.  (*Id.* at 6.)  He alleges that in April 2023 another dentist, Dr. Herrera, gave the

United States District Court
Northern District of California

1    same diagnosis. (*Id.* at 7.) Elghembri does not list Herrera as a defendant. He does name

2    the supervising dentist, Theodore Ng, as a defendant but alleges no specific facts against

3    him. (*Id.* at 1-2.)

4          These allegations amount to at most a difference of medical opinion as to the need

5    to pursue one course of treatment over another. This is insufficient, as a matter of law, to

6    establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th

7    Cir. 2004). It is not that the dentists refused to treat his painful tooth; rather, he disliked

8    and refused the treatment they offered. In his amended complaint, Elghembri must put

9    forth sufficient facts if this suit is to proceed. Furthermore, he must provide the first and

10    last names of the persons he believes are liable. A complaint cannot be served on Doe

11    defendants.

12          Also, Ng cannot be held responsible merely for being the supervisory dentist.

13    There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040,

14    1045 (9th Cir. 1989), which means that a person is not automatically held responsible

15    simply because he or she is a supervisor of an employee who commits a wrong. It is not

16    enough that the supervisor merely has a supervisory relationship over the defendants; the

17    plaintiff must show that the supervisor "participated in or directed the violations, or knew

18    of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor

19    defendants are entitled to qualified immunity where the allegations against them are simply

20    "bald" or "conclusory" because such allegations do not "plausibly" establish the

21    supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556

22    U.S. at 675-82. Simply put, a person cannot be held liable for a constitutional violation

23    under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.

24    *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018). Nothing in the complaint shows that

25    Ng was an integral participant in the allegedly unlawful conduct.

26    <div align="center">**CONCLUSION**</div>

27          The complaint is DISMISSED with leave to file an amended complaint on or before

28    **January 14, 2025**. The amended complaint must include the caption and civil case

United States District Court
Northern District of California

<div style="text-align: center; writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

1   number used in this order (24-02771 WHO (PR)) and the words FIRST AMENDED

2   COMPLAINT must be written on the first page.  <u>The amended complaint must also appear</u>

3   <u>on this Court's form, a copy of which will be sent to him.</u>  Because an amended complaint

4   completely replaces the previous complaints, plaintiff must include in his first amended

5   complaint all the claims he wishes to present and all of the defendants he wishes to sue.

6   *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate

7   material from the prior complaint by reference.  <u>Failure to file a proper amended complaint</u>

8   <u>by January 14, 2025 may result in dismissal of this action under Federal Rule of Civil</u>

9   <u>Procedure 41(b) for failure to prosecute.</u>

10          **IT IS SO ORDERED.**

11      **Dated:**  November 5, 2024



12                                          WILLIAM H. ORRICK
13                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28