United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AHMED MOHAMED ELGHEMBRI,

Plaintiff,

v.

JANE DOE, DENTIST, et al.,

Defendants.

Case No. 24-cv-02771-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Ahmed Mohamed Elghembri alleges that the refusal of unnamed dentists at San Quentin State Prison to give him a filling constituted deliberate indifference under the Eighth Amendment. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Elghembri has failed to state any claim for relief. He thought that he should have his tooth filled; the dentists' opinion was that the tooth had to be pulled rather than filled and offered to perform that procedure. Elghembri refused the offer. At most, this amounts to a difference of medical opinion concerning the need to pursue one course of treatment over another, which is insufficient as a matter of law to establish deliberate indifference. This civil rights action is DISMISSED.

## DISCUSSION

### A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

United States District Court
Northern District of California

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2  upon which relief may be granted or seek monetary relief from a defendant who is immune

3  from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

4  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5      A "complaint must contain sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

7  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

8  plausibility when the plaintiff pleads factual content that allows the court to draw the

9  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

10  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal

11  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

12  be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

13  (9th Cir. 1994).

14      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

15  elements: (1) that a right secured by the Constitution or laws of the United States was

16  violated, and (2) that the alleged violation was committed by a person acting under the

17  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

18  **B.    Legal Claims**

19      **i.    Original Complaint**

20      In the original complaint, Elghembri alleged that the refusal of unnamed dentists

21  (John and Jane Doe) in March 2023 to give a broken tooth a filling constituted deliberate

22  indifference under the Eighth Amendment. (Compl., Dkt. No. 1 at 6-7.) The dentists

23  insisted that the only treatment was extraction of the tooth, a procedure they offered to

24  perform, but Elghembri refused. (*Id.* at 6.) He alleged that in April 2023 another dentist,

25  Dr. Herrera, gave the same diagnosis. (*Id.* at 7.) Elghembri did not list Herrera as a

26  defendant. He did name the supervising dentist, Theodore Ng, as a defendant, but alleged

27  no specific facts against him. (*Id.* at 1-2.)

28

I dismissed the complaint with leave to amend because these allegations amounted to at most a difference of medical opinion on the need to pursue one course of treatment over another. This is insufficient, as a matter of law, to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004). It is not that the dentists refused to treat his painful tooth; rather, Elghembri disliked and refused the treatment they offered.

I also explained that Ng cannot be held responsible merely for being the supervisory dentist, as there is no respondeat superior liability under section 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To show that Ng was liable, Elghembri had to allege facts showing that Ng was an integral participant in the allegedly unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

### ii.   First Amended Complaint

The first amended complaint also fails to state any claim for relief. Elghembri restates the same facts, which still amount to at most a difference of medical opinion about the need to pursue one course of treatment over another. This is insufficient, as a matter of law, to establish deliberate indifference. *Toguchi*, 391 F.3d at 1058, 1059-60. He mentions Herrera but specifically states that he is not a defendant in this action. (First Am. Compl., Dkt. No. 16.) Even if Herrera were a defendant, it is clear that no claim has been stated against him. The same holds true for Elghembri's repeated allegations against unnamed supervisory defendants.

### CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:** June 4, 2025

WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

3